### 10438.

### DOBBINS v. HUMPHRIES.

#### (103 S. E. 888.)

CHATTEL MORTGAGES.—In an action by mortgagee against mortgagor on a chattel mortgage covering the outfit of a moving picture theatre, where mortgagor sets up a purchase free from encumbrance, and proves the payment of certain liens thereon, mortgagor is entitled to a credit for the amount of such liens, but is not entitled to credit for an outstanding lien on a piano, where he has, without mortgagee's consent, voluntarily exchanged said piano for another piano.

Before SHIPP, J., Union, July, 1919. Modified.

Action by C. A. Dobbins against E. D. Humphries on a note and chattel mortgage. From judgment for plaintiff for a reduced amount, plaintiff appeals.

*Mr. Jno. K. Hamblin,* for appellant, cites: *Right to rescind for fraud waived if party after discovery of fraud, avails himself of benefit of contract:* 56 S. C. 513; 97 S. C. 34. *Mortgagee liable for value of chattels taken without sale:* 73 S. C. 403; 108 S. C. 431; 91 S. C. 121; sec. 4105, 1 Civil Code 1912. *Vendee should avail himself of all available knowledge:* 101 S. C. 236. *And Courts will not relieve parties who have not used due diligence:* 110 S. C. 427.

*Mr. P. D. Barron,* for respondent.    No citations.

July 26, 1920

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to foreclose certain mortgages, to secure the payment of a promissory note for the purchase money of a certain moving picture outfit.

The only questions involved are of fact, which we do not deem it necessary to discuss at length.

In his decree, his Honor, the Circuit Judge, says: "I find the master was right in allowing the defendant credit on the purchase money for the lien, such as the rent, Brown mortgage and taxes, but he should also have allowed him credit for the T. H. Andrews mortgage." The credit for the Andrews mortgage amounted to $500; and there was error in allowing it.

The judgment of the Circuit Court is affirmed, except in so far as it allowed the said credit, and in that respect it is reversed.

Modified.